## Cohen Estate (No. 2)

*Victor J. Roberts,* for petitioner.
*Richard B. Malis,* executor, p. p.

Taxis, P. J., March 23, 1966.—Max E. Cohen died on March 5, 1965, and on the same day letters testamentary were granted to his named executors, David S. Malis and Richard B. Malis. The present petition by Richard B. Herman, doing business as Richard B. Herman and Company, is to compel the filing of an account by these executors. It was filed on November 5, 1965, and recites:

"Your Petitioner is a creditor of the decedent and of

his estate in the amount of approximately $95,000, for part of which a suit is presently pending in the Court of Common Pleas No. 1 of Philadelphia County, as of June Term, 1964, No. 1484".

An answer was filed by the executors, denying that petitioner was a creditor and alleging that he was only a claimant by virtue of his aforesaid suit. In addition, the answers stated that the estate was insolvent, that certain questions relating to its assets were undetermined and that the petition was an attempt to harass the executors.

At the argument on this petition, Richard B. Malis, one of the executors, indicated that he and the other executor were presently attempting to resolve many problems surrounding the only asset in this estate which appears to have substantial value, namely, 500 shares of the 2401 Pennsylvania Avenue Corporation, title holder of a certain apartment house in Philadelphia. Mr. Malis also stated that the executors had been substituted as defendants in the aforementioned suit in Philadelphia, which action will determine, inter alia, whether or not petitioner is a creditor of this estate.

This court undoubtedly has the power to order the requested accounting under section 701 of the Fiduciaries Act of April 18, 1949, P. L. 512. Before so doing, however, we must be sure that petitioner has standing to compel an accounting, and where his standing is based on an alleged debtor-creditor relationship, petitioner should make out a prima facie case of his claim, setting forth the nature of the services performed, the time of performance and the amount due therefor: Laughead Estate, 15 Fiduc. Rep. 405, (O.C., Del. Co., 1965). This has not been done in this case, and inasmuch as an action in another court of competent jurisdiction is pending for this purpose, the record here should not be disturbed until there has been definite disposition of the suit in Philadelphia.

The present case is also distinguished from many in which the filing of an account is sought. In the present case, there is no indication that the executors have not been pursuing their administration with dispatch. For example, in Laughead Estate, supra, four years and 10 months had elapsed between the death of decedent and the filing of the petition, during which time no accounting had ever been filed. Here, decedent died scarcely a year ago, and left a complex and disorganized estate; indeed, one important proceeding, relating to a claim to ownership of certain legal fees, has already been disposed of. The administration of this estate could not be expected to be confined to the minimum period of six months time, or anything like it, and apart from other considerations, the present petition would have to be denied until the executors have had a reasonable opportunity to bring it to completion.

Accordingly, the petition for a citation to file an account is dismissed.